[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: ATTORNEY TRIAL REFEREE'S REPORT
The court has reviewed the transcript of the trial in this matter, the attorney trial referee's report and the objections and exceptions thereto. All objections and exceptions are overruled. The court will specifically address plaintiffs' three major claims.
1. The letter of November 2, 1989 was admissible. It was not part of settlement negotiations, but was, as the attorney trial referee found, a contract to resolve the matter between the parties. The first paragraph of the letter (defendant's exhibit 2) states: "This is to confirm our agreement." (Emphasis supplied.) After incorporating an earlier document by reference and setting out additional terms, the closing paragraph states:
 To indicate that the terms of this letter are agreeable to all parties and binding upon them, this letter, in duplicate, is to be signed and dated by [the parties and attorneys]." (Emphasis supplied.)
All parties and attorneys signed and dated the CT Page 7 document. Plaintiffs' claim that this was only a step in the negotiations and not a binding agreement is totally without merit.
2. Plaintiffs' claim that the November 2, 1989 letter was not binding because it incorporated a January 9, 1989 document without specifying which terms of the January 9th document were incorporated is also without merit. The January 9, 1989 document (plaintiffs' exhibit O) had been signed by all of the parties and the settlement agreement incorporated all of the terms of that document. Any proposed changes in the January 9th document which had not been agreed to by initialing were agreed to by signing the November 2, 1989 letter of agreement.
3. Plaintiffs' claim that the November 2, 1989 agreement is not binding because failure to return the initial deposit constituted a failure of consideration. The parties agreed to the settlement after plaintiffs commenced suit to recover the deposit. In the settlement each side gave up their legal claims to the deposit. Plaintiffs had a legal right to pursue their claim that the $6,600.00 deposit should be returned to them because the January 9, 1989 document was not an enforceable contract. Defendant had a right to pursue his claim that he could retain the $6,600.00 deposit as liquidated damages under the January 9, 1989 document. It is hornbook law that giving up the right to press a legal claim is valid consideration.
All objections and exceptions having been overruled, judgment enters as per the report of the attorney trial referee for the defendant on his counterclaim. Specific performance of the contract as per the settlement agreement of November 2, 1989 is ordered. Closing of title shall take place within thirty-five (35) days of the date hereon. Plaintiffs shall not receive credit for topsoil removal.
E. EUGENE SPEAR, JUDGE CT Page 7-A